UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRADY PARKER, JR.,

        Plaintiff,

vs.

        Case No. 09-CV-11656

        HON. GEORGE CARAM STEEH

UNITED STATES ARMY,

        Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (#7)

      Plaintiff Grady Parker, Jr. served in the United States Army ("the Army") from January 1980 to August of 1981. On May 1, 2009, Parker brought suit against the Army out of claims related to his service in the Army. Parker alleges he was assaulted by another private during basic training in 1980. Parker also alleges that he was assigned to Military Policy duty in Germany without his permission. Parker alleges that on Easter in April of 1981, while he was in Germany, he was drugged by an unnamed woman with whom he was drinking. The Plaintiff alleges that the woman was a terrorist and questioned him about his duties. Finally, the Plaintiff alleges that he was subjected to questioning by Army intelligence and was represented by an attorney. Plaintiff alleges a breach of contract claim and seeks punitive damages, severance pay, and an honorable discharge "with medical conditions." The Army brought a motion to dismiss (or in the alternative for summary judgment) on August 11, 2009. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

**I. Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to assess whether the plaintiff has stated a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations of the complaint as true, and determine whether the allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (citations and quotations omitted). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id.

While Plaintiff's factual allegations include a description of a number of different incidents, plaintiff only identifies one legal claim, breach of contract. Plaintiff does not state what contract was breached or how it was breached. Because Plaintiff does not identify what contract was breached, the Complaint fails to state a claim upon which relief can be granted. See American Financial Intern. Group-Asia, L.L.C. v. Bennett, 2007 WL 1732427, *2 (S.D.N.Y. June 14, 2007) (dismissing plaintiff's contract claim because "the complaint fails to give the defendants notice as to what contract they supposedly breached.") In the factual allegations, the plaintiff states that he was re-assigned without his permission. If plaintiff is alleging that being reassigned breached a contract, the plaintiff's claims fail

because plaintiff has not identified any contract that was violated.  Similarly, plaintiff has asserted no basis that would entitle him to the relief he seeks.  Plaintiff requests severance pay, but does not allege any contract that grants him the right to severance pay.  Plaintiff's claims are dismissed, because Plaintiff has failed to assert any facts that raise the right to relief above the speculative level.  Ass'n of Cleveland Fire Fighters, 502 F.3d at 548.

Because the complaint seeks relief for incidents that occurred 27 or 28 years ago, the claims are also well outside any applicable statute of limitations.  Furthermore, the Army also argues that if the complaint includes any viable claims, they would be cognizable only by the Court of Claims as permitted by the Federal Tort Claims Act and that Parker's request for an honorable discharge is time-barred.  Although Parker filed a response to this motion, he does not address these arguments.

## Conclusion

Because Parker has failed to state a claim upon which relief can be granted, the United States Army's motion to dismiss is hereby GRANTED.

SO ORDERED.

Dated:  November 16, 2009

          S/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 16, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---